FILED
2017 May-19  AM 08:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PATRICK FRANKLIN | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| BROOKDALE SENIOR LIVING, | ) | |
| INC, D/B/A BROOKDALE CEDAR | ) | |
| SPRINGS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## I. JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991" and the "Civil Rights Act of 1866", as amended, 42 U.S.C. §1981. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. §1981, providing injunctive and other relief against race discrimination in

1

employment.

## II.  PARTIES

2.      Plaintiff, Patrick Franklin, ("Plaintiff") is an African American citizen of the United States and is a resident of Decatur, Alabama.

3.      Defendant, Brookdale Senior Living, Inc., d/b/a Brookdale Cedar Springs, ("Defendant") is a foreign corporation doing business in Alabama. The Defendant is engaged in business in Decatur, Alabama.

4.      At all times relevant to this action, Defendant has maintained and operated a business in Alabama.  Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and employers within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## III. ADMINISTRATIVE PROCEDURES

5.      Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by his employer, Brookdale Senior Living, Inc., d/b/a Brookdale Cedar Springs.

7.      This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with

respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against and/or retaliating against the Plaintiff and others similarly situated on account of racial discrimination.

8.     On August 9, 2016, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit 1).

9.     Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on February 23, 2017, and Plaintiff filed suit within ninety (90) days of receipt of his Dismissal and Notice of Rights.  (Exhibit 2).

10.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

### IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

### COUNT ONE

#### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RACIAL DISCRIMINATION CLAIMS

11.    Plaintiff hereby adopts and realleges paragraphs one (1) through ten (10) herein above as if fully set forth herein.

12.    Plaintiff, Patrick Franklin, is African American.

13.    Plaintiff began employment with the Defendant in or around November 2009, as a Maintenance Manager.

14.    At the time Plaintiff began his employment with Defendant, Connie (LNU) was the Maintenance Manger and was being transferred to the Manager over Housekeeping.

15.    Cathy Hampton, Caucasian Executive Director, hired Plaintiff and she told Connie to train Plaintiff.

16.    Connie was reluctant to train Plaintiff and she called Plaintiff a "Nigger."

17.    Caucasian Maintenance Technician, Ron (LNU), treated Plaintiff differently because of his race, African American.

18.    Ron believed the Maintenance Manager's position should have been given to him instead of Plaintiff.

19.    Ron would not follow Plaintiff's directions and would argue and refuse to complete tasks assigned by the Plaintiff.

20.    Defendant hired a Caucasian employee, Josh (LNU), as a Maintenance Technician, and Josh treated Plaintiff differently because of his race and threatened to physically harm the Plaintiff.

21.    Defendant hired Caucasian employees, Ernie Downs and Robert (LNU), as Maintenance Technicians and these Caucasian employees made it clear

they did not like being supervised by Plaintiff because he is African American.

22.    Mr. Downs and Robert did not like being supervised by an African American and refused to follow Plaintiff's instructions.

23.    Mr. Downs repeatedly refused to help Plaintiff with work duties and began calling Plaintiff's Supervisor, Kenneth Jones, Regional Maintenance Technician, and falsely complaining that Plaintiff could not do his job.

24.    Mr. Downs made the comment to Plaintiff that he has not worked with African Americans and African Americans do not live in his neighborhood and he was not accustomed to being around African Americans.

25.    Mr. Downs and Robert continually refused to perform duties assigned by Plaintiff, including, but not limited to, answering the company cell phone when Plaintiff would attempt to contact them.

26.    In or around November 2015, Mr. Downs would not answer his cell phone and Plaintiff had to track down Mr. Downs and as his supervisor, Plaintiff asked him to come to his office to discuss the issue.

27.    Plaintiff attempted to talk to Mr. Downs, but Mr. Downs jumped up and said he didn't want to hear it and walked out of Plaintiff's office and refused to return.

28.    Plaintiff attempted to discipline Mr. Downs in writing regarding Mr. Downs' failure to answer his work phone and his other actions. Plaintiff showed

the written discipline for Mr. Downs to the Caucasian Executive Director, Cathy Hampton, and she refused to sign the write up.

29.    Ms. Hampton also did not take any action to discipline Mr. Downs.

30.    Plaintiff believes Ms. Hampton refused to discipline Mr. Downs when Plaintiff requested because Plaintiff is African American and Mr. Downs is Caucasian.

31.    In an effort to get rid of Plaintiff, their African American supervisor, Mr. Downs and Robert drafted a list of things Plaintiff was allegedly not doing and gave it to Ms. Hampton.

32.    The allegations against Plaintiff were false.

33.    Ms. Hampton called Plaintiff into her office and told him Mr. Downs and Robert complained they were not happy because of the Plaintiff.

34.    Ms. Hampton then disciplined the Plaintiff in front of Mr. Downs and Robert.

35.    After witnessing Plaintiff being disciplined, Mr. Downs and Robert continued to refuse to follow Plaintiff's instructions, and increased their efforts to have Plaintiff removed as their supervisor or terminated.

36.    Defendant's Decatur, Alabama facility has one hundred and twenty rooms and forty of those are two bedroom houses.

37.    When one of the apartments becomes open or vacant the practice

during Plaintiff's employment was to have the maintenance department obtain the services of an outside contractor to paint the unit, put in new carpet, install a new toilet, and perform any other maintenance that is needed.

38.    As the Maintenance Manager, Plaintiff was responsible for making sure the maintenance on the units was completed.

39.    Robert, Caucasian Maintenance Technician, requested to take off every other Friday at approximately 2:00 pm.

40.    Plaintiff wanted to deny Robert's request to be off early every other Friday, but Plaintiff's Caucasian supervisors approved the request, even though Robert was needed at work.

41.    Between February 2016 and April 2016, Plaintiff complained to Lauren Finnigan, Caucasian Executive Director, regarding a Caucasian employee Plaintiff supervised leaving the job without permission. Plaintiff complained about Caucasians being treated differently than African American employees and that he was not allowed to discipline Caucasian employees.

42.    In or around March 2016, Plaintiff's Caucasian Supervisor, Kenneth Jones, unjustly disciplined Plaintiff in writing and attempted to fire Plaintiff falsely claiming Plaintiff had prior discipline.

43.    Mr. Jones alleged Plaintiff falsified documents regarding fire extinguisher checks. Plaintiff disputed the discipline and termination.

44.    Lauren Finnigan, Executive Director, informed Mr. Jones that he could not fire Plaintiff because this was Plaintiff's first offense.

45.    The unjust discipline issued by Mr. Jones in March 2016, was Plaintiff's first discipline.

46.    Plaintiff did not falsify documents and told Mr. Jones that he had not checked all of the fire extinguishers because he was helping another employee he supervised finish jobs so they could be completed timely.

47.    Plaintiff never stated he checked all the fire extinguishers.

48.    On or about April 25, 2016, Mr. Jones unjustly disciplined Plaintiff again claiming Plaintiff falsified documents and not inspecting a fire extinguisher, air filter and dry vent.

49.    Plaintiff supervised two Caucasian employees that wanted to get him fired because they did not want to be supervised by an African American.

50.    Thee two Caucasian employees falsely claimed Plaintiff did not conduct inspections when Plaintiff delegated those tasks to these two Caucasian employees to complete while he was on vacation.

51.    These two Caucasian employees failed to complete their job duties.

52.    Mr. Jones did not discipline or terminate these two Caucasian employees.

53.    While Plaintiff was on vacation a S.E.W Inspection was completed

without notice being given to the Plaintiff. Employees are giving approximately six-week notice that the inspection will be taking place and are provided an opportunity to make sure the department is in compliance with the inspection.

54.    Defendant did not notify Plaintiff of the inspection as they did with other employees before Plaintiff took vacation.

55.    Plaintiff was terminated on or about April 25, 2016.

56.    Defendant has a progressive discipline policy that was not followed regarding Plaintiff's termination.

57.    Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff.

58.    Ernie Downs, Caucasian, replaced Plaintiff as Maintenance Manager.

59.    Plaintiff has been terminated, unjustly disciplined, discriminated against, and treated differently because of his race, African American.

60.    Defendant, upon information and belief, has a habit and/or practice of discriminating against African-Americans.

61.    Defendant condoned and tolerated the discrimination.

62.    Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

63.    Defendant's illegal discriminatory actions injured Plaintiff.

64.    Defendant's actions were in violation of Title VII of the "Civil Rights

Act of 1964," as amended, and 42 U.S.C. § 1981, as amended.

65.   Plaintiff's race, African American, was a motivating factor in Defendant's unlawful and discriminatory treatment of Plaintiff.

66.   The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

67.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

68.   The Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.   Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Jr. Blvd.
Suite 200
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Mr. Patrick Franklin
c/o WILKINSON LAW FIRM, PC
215 North Richard Arrington, Jr. Blvd.
Suite 200
Birmingham, Alabama 35203

**DEFENDANT'S ADDRESS:**

Brookdale Senior Living, Inc., d/b/a Brookdale Cedar Springs
2505 Spring Ave., SW
Decatur, AL 35601

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | FEPA<br><br>EEOC | |

and EEOC

_____ State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>Patrick Franklin | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| STREET ADDRESS       CITY, STATE AND ZIP CODE | SSN: | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Brookdale Cedar Springs | NUMBER OF EMPLOYEES, MEMBERS<br>200+ | TELEPHONE (Include Area Code)<br>256-513-4694 |
|---|---|---|
| STREET ADDRESS       CITY, STATE AND ZIP CODE<br>2505 Spring Ave., SW, Decatur, AL 35601 | | COUNTY<br>Morgan |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS       CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)       LATEST (ALL) |
|---|---|
| XX RACE       COLOR       SEX       RELIGION       AGE<br><br>RETALIATION       NATIONAL       ORIGIN       DISABILITY       OTHER (Specify) | Around November 2015 – April 25, 2016<br><br>CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s) I am an African American male and I began working for the above named employer in or around October 2010. I was employed as a Maintenance Manager. In and around November 2015, I wrote up a Caucasian employee I supervised, and turned in the write up to Kathy Hampton, Caucasian Executive Director. Ms. Hampton did not take any action and I believe it was due to me being African American and writing up a Caucasian employee. Additionally, between February 2016 and April 2016, I complained to Laruen Finnigan, Caucasian Executive Director, regarding a Caucasian employee I supervised for leaving the job without permission.

In or around March 2016, my Caucasian Supervisor, Kenneth Jones wrote me up for falsifying documents stating I did not check all the fire extinguishers. I told Mr. Jones that I had not checked all the fire extinguishers because I was helping an employee I supervise finish jobs so they could be completed in a timely fashion. I never stated I checked all the fire extinguishers. Mr. Jones falsely document that this was a second offense. Ms. Finnigan informed Mr. Jones that he could not terminate me because this was a first offense not a second offense.

(particulars continued on second page)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br><br>_Pamela Neete_<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date _8-3-16_   _Patrick Franklin_<br>Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>_Patrick Franklin_<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _8/3/16_<br>(Day, month, and year) |

RECEIVED

AUG 09 2016

E.E.O.C.
BIRMINGHAM DISTRICT

**PATRICK FRANKLIN v. BROOKDALE CEDAR SPRINGS**
**EEOC CHARGE**
**PAGE 2**

On or about April 25, 2016, Mr. Jones wrote me up again stating I had falsified documents for not inspecting a fire extinguisher, air filter and dry vent.  I supervised two Caucasian employees who took Mr. Jones around the building while I was on vacation, and reported all of the issues to Mr. Jones.  I delegated those tasks to the two Caucasian employees to complete while I was on vacation, and they did not complete those tasks.  The two Caucasian employees treated me differently because I am African American. Mr. Jones has never and would never write up the two Caucasian employees I supervised because they are Caucasian.  I was terminated on or about April 25, 2016 based on unjust and false reasons.  I was terminated because of my race, African American, and in retaliation for my complaints and protected activity.

I believe I have been discriminated against because of my race, African American, and terminated in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED

AUG 0 9 2016

E.E.O.C.
BIRMINGHAM DISTRICT

# EXHIBIT 2

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Patrick Franklin**

From: **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-03126 | **RICHARD GROOMS,** Investigator | **(205) 212-2115** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

---

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Delner Franklin-Thomas,
District Director

FEB 23 2017
(Date Mailed)

Enclosures(s)

cc:
**Laurel Johnston**
**Labor & Employment Law**
**BROOKDALE CEDAR SPRINGS**
**111 Westwood Place**
**Brentwood, TN 37027**

Cynthia F. Wilkinson, Esq.
WILKONSON LAW FIRM PC
215 North Richard Arrington, Jr. Blvd.
Birmingham, AL 35203

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*